# GROUP
# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEFINA PLOTNICK, | ) | |
| MARIO VILLACORTA-SANTOS, | ) | |
| ERIC SANTIAGO-VAZGUEZ, | ) | |
| LORRAINE | ) | No. 13 C 2454 |
| HAYFORD, ANNA CALLIS, | ) | |
| LEEANN JOHNSON and | ) | |
| SANDRA NOEY-KRAKKER, | ) | |
| | ) | Judge Robert M. Dow |
| | ) | Magistrate Judge Young B. Kim |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MIDLAND FUNDING, LLC, a Delaware | ) | |
| limited liability company, and MIDLAND | ) | |
| CREDIT MANAGEMENT, INC., | ) | |
| a Kansas corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWERS TO PLAINTIFFS' AMENDED
INTERROGATORIES TO DEFENDANTS**

In accord with Rule 33 of the Federal Rules of Civil Procedure, Defendants Midland

Funding, LLC ("Midland Funding") and Midland Credit Management, Inc. ("MCM")

(collectively, "Defendants"), by and through their attorneys, answer Plaintiffs' Amended

Interrogatories to Defendants as follows:

**RESERVATION OF RIGHTS**

Defendants reserve the right to amend, modify and/or supplement their responses to

Plaintiffs' Interrogatories, but decline any obligation beyond those expressed in the Federal

Rules of Civil Procedures.

1



# RESPONSES TO INTERROGATORIES

1. Identify by name, last known address and telephone number each individual likely to have discoverable information relevant to the facts alleged with particularity in the pleadings, identifying the subjects of the information.

**ANSWER: Defendants object to Interrogatory No. 1 as overbroad and unduly burdensome in scope and time. Notwithstanding that objection, see Defendants' Rule 26(a)(1) Disclosures.**

2. State the date and time of each telephone call you made or received regarding the collection of the debt Plaintiff Villacorta-Santos allegedly owed, and also state the name, last known home address, and telephone number of Defendants' collector and/or supervisor who participated in each such telephone call, the call center at which each telephone call occurred, identify who called whom, identify all persons who participated in each such call and the telephone number called or received, state in detail the substance of any conversation and state which debt was involved as to each call.

**ANSWER: Defendants object to Interrogatory No. 2 as irrelevant, overly broad, unduly burdensome in both time and scope, and not reasonably calculated to lead to the discovery of relevant information. Subject to and without waiving those objections, Defendants will provide documents relevant to the claims and defenses in this lawsuit that fall within the applicable statute of limitations upon the court's entry of an appropriate protective order.**

3. State the date and time of each telephone call you made or received regarding the collection of the debt Plaintiff Hayford allegedly owed, and also state the name, last

known home address, and telephone number of Defendants' collector and/or supervisor who participated in each such telephone call, the call center at which each telephone call occurred, identify who called whom, identify all persons who participated in each such call and the telephone number called or received, state in detail the substance of any conversation and state what debt was involved as to each call.

**ANSWER: Defendants object to Interrogatory No. 3 as irrelevant, overly broad, and unduly burdensome in time and scope, and not reasonably calculated to lead to the discovery of relevant information. Subject to and without waiving those objections, Defendants will provide documents relevant and responsive to Interrogatory No. 3 upon the court's entry of an appropriate protective order.**

4.      State in detail whether, when and how you directed LASPD to use a designated facsimile number for the notices it sent to your firm (about attorney representation and refusals to pay) for its clients, as well as when and how that number ceased to work and how and when you notified LAPSD [sic] that the designated number was no longer working.

**ANSWER: Defendants object to Interrogatory No. 4 as overly broad, unduly burdensome, and seeks information available to Plaintiffs through Plaintiffs' own alleged attorneys. Subject to and without waiving those objections, a different set of plaintiffs who claimed to be represented by Legal Advocates for Seniors and People with Disabilities, a program of the Chicago Legal Clinic ("LASPD"), or Legal Advocates for Consumers in Debt, a program of the Chicago Legal Clinic ("LACD"), and Dave Philipps sued Defendants in *Garrigan, et al. v. Midland Credit Management, Inc.*, N.D.Ill. Case No. 09-cv-3110, *Engelmann, et al. v. Midland Credit Management, Inc.*, N.D.Ill. Case No. 10-cv-8232, and *Ziats et al., v. Midland Credit Management, Inc.*, N.D.Ill. 11-cv-7983, alleging that**

the Defendants contacted that set of plaintiffs after LASPD or LACD purportedly faxed attorney representation letters to fax machines for MCM that were not equipped to receive and process consumer or attorney communications. Thereafter, in or about December 2011, Defendants, through their attorneys, sent a letter to LASPD, LACD, and Dave Philipps, requesting they use a particular fax number for faxing consumer and attorney communications to Defendants. See Exhibit G to Second Amended Complaint. In or about February 2012, someone identifying herself as "Misha" from LASPD left a voicemail for Defendants' attorney claiming that there was a problem with sending faxes to that the fax number. See Exhibit H to Second Amended Complaint. In response, in or about February 2012, MCM through its attorneys provided LASPD with the e-mail address crfax@mcmcg.com to use temporarily until the fax machine problems were remedied. See Exhibit G to Second Amended Complaint. That e-mail address was later made inactive so that when an e-mail was sent to it, the sender was provided with a delivery error notification stating that the e-mail was not delivered. Delivery error notices were sent in response to each of the e-mails LASPD attempted to send to crfax@mcmcg.com for each of the Plaintiffs as alleged in this lawsuit.

        5.      State in detail whether, when and how you directed LASPD to use a designated email address of crfax@mcmcg.com for the notices it sent to your firm (about attorney representation and refusals to pay) for its clients, as well as when and how that email address of crfax@mcmcg.com ceased to work and how and when you notified LAPSD [sic] that the designated address was no longer working.

        ANSWER:  Defendants object to Interrogatory No. 5 as overly broad, unduly burdensome, and to the extent that Interrogatory No. 5 seeks information available

to Plaintiffs through Plaintiffs' own alleged attorneys. Subject to and without waiving those objections, see response to Interrogatory No. 4.

6. State each date on which you were notified that each Plaintiff was k [sic] was represented by counsel as to their debts:

    a. Ms. Plotnick;

    b. Mr. Villacorta-Santos;

    c. Mr. Santiago-Vazguez;

    d. Ms. Hayford;

    e. Ms. Callis;

    f. Ms. Johnson; and,

    g. Ms. Noey-Krakker.

**ANSWER:** Defendants object to Interrogatory No. 6 as vague regarding which counsel is being referred to. Subject to and without waiving that objection, Defendants state that they were notified that each of the Plaintiffs were represented by LASPD regarding the debts at issue as alleged in the Second Amended Complaint as follows:

    a. **Ms. Plotnick: April 3, 2013;**

    b. **Mr. Villacorta-Santos: May 29, 2013;**

    c. **Mr. Santiago-Vazguez: April 5, 2013;**

    d. **Ms. Hayford: September 10, 2012;**

    e. **Ms. Callis: April 12, 2013;**

    f. **Ms. Johnson: May 30, 2013;**

    g. **Ms. Noey-Krakker: May 11, 2013.**

7. State all reasons that justify why you called Mr. Villacorta-Santos after you received notice that he was represented by counsel and that he refused to pay the debt.

**ANSWER: Defendants did not receive notice that Plaintiff Villacora-Santos was represented by an attorney until they received this lawsuit. Responding further, see response to Interrogatory No. 4.**

8. State all reasons that justify why you called Ms. Hayford after you received notice that she was represented by counsel and that she refused to pay the debts.

**ANSWER: Defendant MCM called Plaintiff Hayford directly only for the purpose of confirming her attorney's contact information after a representative or employee of attorney Jeff Whitehead, who is a supervising attorney for LASPD, informed MCM that Jeff Whitehead did not represent Plaintiff Hayford.**

9. Identify by caption, court or agency, case number, and result, all litigation, administrative actions brought against you in the past three years for alleged violations of the Fair Debt Collection Practices Act, Federal Trade Commission Act, state unfair trade or consumer protection laws, or any similar law, relating to any allegation similar to those set forth in the Complaint.

**ANSWER: Defendants object to Interrogatory No. 9 as irrelevant, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant information, requesting information that is publicly available or equally available to Plaintiff, and is intended to harass and oppress the Defendants. *See, Anderson v. Specified Credit Ass'n, Inc.*, 2011 WL 2414867 (S.D. Ill. 2011) (considering only frequency and persistence of noncompliance regarding the plaintiff); *Donnelly v. NCO Fin. Sys., Inc.*, 263**

F.R.D. 500, 506 (N.D. Ill. 2009) objections overruled, 2010 WL 308975 (N.D. Ill. 2010) (nothing in FDCPA suggests that a court looks at a debt collector's frequency and persistence of noncompliance in an individual action); *Richard v. Oak Tree Grp. Inc.*, 2008 WL 5060319 (W.D. Mich. 2008) (defendant's actions concerning non-parties is not considered under FDCPA); *Powell v. Computer Credit, Inc.*, 975 F. Supp. 1034, 1039 (S.D. Ohio 1997) aff'd, 1998 WL 773989 (6th Cir. 1998) (court should consider noncompliance as to the individual plaintiff only); *Dewey v. Associates Collectors, Inc.*, 927 F. Supp. 1172, 1175 (W.D. Wis. 1996); *Powell v. Computer Credit, Inc.*, 975 F. Supp 1034, 1039 (S.D. Ohio 1997)("the Court should consider the debt collector's noncompliance as to the individual plaintiff only, and not to others who may have been subject to the debt collector's noncompliance"); and *Anderson v. Frederick J. Hanna and Associates, 361* F. Supp. 2d 1379, 1384 (N.D. Ga. 2005)(declining to consider FDCPA violations unrelated to the present action); *Cusumano v. NRB, Inc.,* 1998 U.S. Dist. LEXIS 15418, *4-*7, Case No. 96 C 6876 (N.D. Ill. Sept. 22, 1998) (denying motion to compel production of information about other litigation concerning collection practices)(citing to *Byes v. Credit Bureau Enters.,* 1995 U.S. Dist. LEXIS 13559, *2 Civil Action No. 95-239 SECTION "I" (4) (E.D. La. Sept. 8, 1995)). Additionally, F.R.E. 404 clearly states, "evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion. . ." The fact that the Defendants may have faced lawsuits or claims and entered settlements in the past or are currently facing lawsuits or claims or are in settlement discussions, formal or informal, is clearly character evidence and nothing more, thus, the information requested in this interrogatory is neither relevant nor admissible and is unduly burdensome in light of the claims asserted. The Defendants also object to this

interrogatory to the extent it calls for the production of information that is prohibited by a protective order, court order or confidentiality agreement. Subject to and without waiving those objections, see response to Interrogatory No. 4.

10. Identify and describe each claim made under each of your liability insurance policies in the last three years, including the date of the claim, claim number, the subject of the claim, the status of the claim, the resolution of the claim, and any amounts paid under each policy, relating to any allegation similar to those set forth in the Complaint.

ANSWER: Defendants object to Interrogatory No. 10 as irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant information. Subject to and without waiving those objections, see Defendants' Rule 26(a)(1) disclosures regarding insurance policies applicable to this lawsuit.

11. Identify all written guidelines, policies, procedures, manuals, memoranda, scripts, call outlines/guidelines or other documents used in your debt collection practices relating to telephone contacts with consumers or their attorneys.

ANSWER: Defendants object to Interrogatory No. 11 as irrelevant, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant information, and/or information that is confidential, proprietary, protected as a trade secret. *See Baxter Int'l v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002).

12. State the name and address of your email system and internet service provider for your email address of "crfax@mcmcg.com".

ANSWER: Defendants object to Interrogatory No. 12 as irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant information.

13.     State the date on which each of the alleged debts at issue became delinquent, as well as the date of last payment, the charge-off amount, the amount of the debt you were seeking to collect and, if applicable, the rate of and amount of any interest you sought to collect:

    a.    Ms. Plotnick;

    b.    Mr. Villacorta-Santos;

    c.    Mr. Santiago-Vazquez;

    d.    Ms. Hayford;

    e.    Ms. Callis;

    f.    Ms. Johnson; and,

    g.    Ms. Noey-Krakker.

**ANSWER:     Defendants object to Interrogatory No. 13 as irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant information because none of the information requested is at issue in this lawsuit. Defendants further object to the extent that this interrogatory seeks information equally available to Plaintiffs and/or already in Plaintiffs' or Plaintiffs' or their attorneys' possession.**

14.     State the factual basis for any affirmative defenses you assert and identify all persons, by name, last known address and telephone number, with knowledge of these facts.

**ANSWER:     Defendants object to Interrogatory No. 14 as overly broad in requesting "all persons." Subject to and without waiving that objection, Defendants deny that they received the communications that are attached as Exhibit D to Plaintiffs' Second Amended Complaint and the communications dated March 19, 2013 re Mario Villacorta**

and March 26, 2013 re Josefina Plotnick, as those communications were sent to a non-functioning email address. Defendants admit receiving the communications that were sent to a fax machine and were dated April 4, 2013 re Eric Santiago; March 27, 2013 re Lorraine Hayford; April 10, 2013 re Anna Callis; May 21, 2013 re LeeAnn Johnson; and May 21, 2013 re Sandra Noey-Krakker, which are attached as part of Exhibit F to Plaintiff's Second Amended Complaint, and Plaintiffs have not alleged that any collection attempts were made on them directly after those communications were sent. Responding further, see response to Interrogatory No. 4.

15. Identify by name, last known address and telephone number of each person who assisted in the preparation of the responses to these interrogatories, and specify the role each person performed.

ANSWER: Defendants object to Interrogatory No. 15 as irrelevant, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant information because Midland Credit Management, Inc. employees may only be contacted through counsel. Notwithstanding those objections, John Moreno with the assistance of attorney Amy Jonker, to be contacted through counsel only.

Dated: October 3, 2013

By:

**MIDLAND FUNDING LLC and MIDLAND CREDIT MANAGEMENT, INC.**

s/Amy R. Jonker
Theodore W. Seitz (tseitz@dykema.com)
Amy R. Jonker (ajonker@dykema.com)
DYKEMA GOSSETT PLLC
10 South Wacker Drive, Suite 2300
Chicago, Illinois 60606
Phone: 312-876-1700
Fax:    312-627-2302

10

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

JOSEFINA PLOTNICK,
MARIO VILLACORTA-SANTOS,
ERIC SANTIAGO-VAZGUEZ,
LORRAINE
HAYFORD, ANNA CALLIS,
LEEANN JOHNSON and
SANDRA NOEY-KRAKKER,

      Plaintiffs,

      v.

MIDLAND FUNDING, LLC, a Delaware
limited liability company, and MIDLAND
CREDIT MANAGEMENT, INC.,
a Kansas corporation,

      Defendants.

No. 13 C 2454

Judge Robert M. Dow
Magistrate Judge Young B. Kim

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2013, I served **Defendants Midland Funding, LLC's and Midland Credit Management, Inc.'s Responses to Plaintiffs' Amended Interrogatories, and Amended Responses to Plaintiff's Document Production Requests** to all counsel of record via e-mail, including the following:

David J. Philipps
*Attorneys for Plaintiff*
PHILIPPS & PHILIPPS, LTD.
9760 South Roberts Road, Suite One
Palos Hills, IL 60465
davephilipps@aol.com

By: /s/ Amy R. Jonker
    One of the Attorneys for Defendant
    Amy R. Jonker (6283174)
    ajonker@dykema.com
    Dykema Gossett PLLC

300 Ottawa Avenue NW, Suite 700
Grand Rapids, MI 49503
Telephone:  (616) 776-7500
ajonker@dykema.com

GR01\198296.1
ID\ARJ - 097356\0192

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEFINA PLOTNICK, | ) | |
| MARIO VILLACORTA-SANTOS, | ) | |
| ERIC SANTIAGO-VAZGUEZ, | ) | |
| LORRAINE | ) | No. 13 C 2454 |
| HAYFORD, ANNA CALLIS, | ) | |
| LEEANN JOHNSON and | ) | |
| SANDRA NOEY-KRAKKER, | ) | Judge Robert M. Dow |
| | ) | Magistrate Judge Young B. Kim |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MIDLAND FUNDING, LLC, a Delaware | ) | |
| limited liability company, and MIDLAND | ) | |
| CREDIT MANAGEMENT, INC., | ) | |
| a Kansas corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED
## DOCUMENT PRODUCTION REQUESTS

In accord with Rule 34 of the Federal rules of Civil Procedure, Defendants Midland
Funding, LLC ("Midland Funding") and Midland Credit Management, Inc. ("MCM")
(collectively, "Defendants"), by and through their attorneys, answer Plaintiffs' Amended
Document Production Requests to Defendants as follows:

## RESERVATION OF RIGHTS

Defendants reserve the right to amend, modify and/or supplement their responses to
Plaintiffs' Amended Document Production Requests to Defendants, but decline any obligation
beyond those expressed in the Federal Rules of Civil Procedures.

## REQUESTED DOCUMENTS

1.      All documents that show any notice you gave to LASPD to use the e-mail address of crfax@mcmcg.com for the notices it sends to you.

ANSWER:      Defendants object to Request No. 1 to the extent this Request seeks information or documents protected by the attorney-client privilege, work-product doctrine, and/or information that is confidential, proprietary, or protected as a trade secret, and object to Request No. 1 as overly broad, unduly burdensome, and requesting documents already in LASPD's possession and Plaintiffs' attorneys' possession. Subject to and without waiving those objections, see Exhibit H attached to the Second Amended Complaint.

2.      All documents that show when, why and how long your e-mail address crfax@mcmcg.com became inoperative.

ANSWER:      Defendants object to Request No. 2 to the extent this Request seeks information or documents protected by the attorney-client privilege, work-product doctrine, and/or information that is confidential, proprietary, or protected as a trade secret, and object to Request No. 2 as irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant documents regarding why it became inoperative. Subject to and without waiving those objections, no documents are available showing when the e-mail address crfax@mcmcg.com became inoperative or how long it has been inoperative. Responding further, Defendants state that the e-mail address crfax@mcmcg.com became inoperative prior to November 9, 2012 and remains inoperative as of the serving of these responses.

3.     All documents that show any notice you gave to LASPD that your e-mail address of crfax@mcmcg.com had become inoperative or was to be no longer used by LASPD for the notices it sends to you.

**ANSWER:    Defendants object to Request No. 3 as overly broad and unduly burdensome and as requesting documents equally available to Plaintiffs through Plaintiffs' own alleged former attorneys at LASPD. That e-mail address was made inactive so that when an e-mail was sent to it, the sender was provided with a delivery error notification stating that the e-mail was not delivered.  Delivery error notices were sent in response to each of the e-mails LASPD attempted to send to crfax@mcmcg.com for each of the Plaintiffs as alleged in this lawsuit and thus are available to LASPD.**

4.     Documents (in a computer readable format, if available), that show the name, last known address, and telephone number of each of Defendants' debt collectors and/or supervisors that attempted to collect from Plaintiff Villacorta-Santos the debt that he allegedly owed for an alleged account with T-Mobile through telephone calls to or from any person, or their voicemail, as well as the date, time and call center from which each telephone call was made.

**ANSWER:    Defendants object to the extent this Request seeks documents or information protected by the attorney-client privilege, work-product doctrine, and object to Request No. 4 as irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant documents or information in requesting personal information of debt collectors and supervisors, requesting irrelevant documents and information regarding call centers, requesting irrelevant documents and information regarding calls and voicemails to persons other than Plaintiff Villacorta-Santos, and requesting irrelevant documents and information regarding calls not at issue in**

this lawsuit. Subject to and without waiving those objections, Defendants will produce the account notes for Plaintiff Villacorta-Santos' account upon the court's entry of an appropriate protective order.

5.      Copies of any electronic recordings of any telephone conversations you had with Mr. Villacorta-Santos, or made about Mr. Villacorta-Santos, or made to Mr. Villacorta-Santos' or anyone's voicemail.

ANSWER:   Defendants object to Request No. 5 as irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant documents or information because the content of conversations and/or voicemails with or about Plaintiff Villacorta-Santos are not at issue in this lawsuit. Subject to and without waiving those objections, Defendants have no electronic recordings of such telephone conversations.

6.      Documents that show the substance of any statements made during any telephone call that was made or received by Defendants in the course of attempting to collect the debt Plaintiff Mr. Villacorta-Santos allegedly owed.

ANSWER:   Defendants object to the extent this Request seeks documents or information protected by the attorney-client privilege, work-product doctrine, and object to this Request as irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant documents in requesting irrelevant documents and information regarding statements and calls not related to the issues in this lawsuit. Subject to and without waiving those objections, Defendants will produce the account notes for Plaintiff Villacorta-Santos' account upon the court's entry of an appropriate protective order.

4

7.     Documents (in a computer readable format, if available), that show the name, last known address, and telephone number of each of Defendants' debt collectors and/or supervisors that attempted to collect from Plaintiff Hayford the debts that she allegedly owed through telephone calls to or from any person, or their voicemail, as well as the date, time and call center from which each telephone call was made.

**ANSWER:   Defendants object to the extent this Request seeks documents or information protected by the attorney-client privilege, work-product doctrine, and object to Request No. 7 as irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant documents or information in requesting personal information of debt collectors and supervisors, requesting irrelevant documents and information regarding call centers, requesting irrelevant documents and information regarding calls and voicemails to persons other than Plaintiff Hayford, and requesting irrelevant documents and information regarding calls not at issue in this lawsuit.  Subject to and without waiving those objections, Defendants will produce the account notes for Plaintiff Hayford Dell and Credit One accounts upon the court's entry of an appropriate protective order.**

8.     Copies of any electronic recordings of any telephone conversations you had with or about Ms. Hayford, or made to Ms. Hayford or anyone's voicemail.

**ANSWER:   Defendants object to Request No. 8 as irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant documents or information because the content of conversations and/or voicemails with or about Plaintiff Hayford are not at issue in this lawsuit.  Subject to and without waiving those objections, Defendants have no electronic recordings of such telephone conversations.**

9.     Documents that show the substance of any statements made during any telephone call that was made or received by Defendants in the course of attempting to collect the debts Plaintiff Ms. Hayford allegedly owed.

**ANSWER:   Defendants object to the extent this Request seeks documents or information protected by the attorney-client privilege, work-product doctrine, and object to this Request as irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant documents in requesting irrelevant documents and information regarding statements and calls not related to the issues in this lawsuit.   Subject to and without waiving those objections, Defendants will produce the account notes for Plaintiff Hayford's Dell and Credit One accounts upon the court's entry of an appropriate protective order.**

10.     All documents that show any procedures you have for the handling of incoming facsimiles and/or e-mails.

**ANSWER:   Defendants object to the extent this Request seeks documents or information protected by the attorney-client privilege, work-product doctrine, and object to this request as it is irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant documents because Defendants deny that they received the communications purportedly e-mailed to Defendants that are attached as Exhibit D to Plaintiffs' Second Amended Complaint and the communications dated March 19, 2013 re Mario Villacorta and March 26, 2013 re Josefina Plotnick, as those communications were sent to a non-functioning email address.   Responding further, Defendants admit receiving the communications dated April 4, 2013 re Eric Santiago; March 27, 2013 re Lorraine Hayford; April 10, 2013 re Anna Callis; May 21, 2013 re**

LeeAnn Johnson; and May 21, 2013 re Sandra Noey-Krakker, which are attached as part of Exhibit F to Plaintiff's Second Amended Complaint, but Plaintiffs have not alleged that any collection attempts were made on them directly after the aforementioned communications were received. For these reasons, Request No. 10 is irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant documents.

11. All documents that show any procedures you have for hiring, training or supervising your employees regarding notices like those sent to you by LASPD in this matter.

ANSWER: Defendants object to the extent this Request seeks documents or information protected by the attorney-client privilege, work-product doctrine, and object to this request as it is irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant documents because Defendants deny that they received the "notices" that are attached as Exhibit D to Plaintiffs' Second Amended Complaint and the communications dated March 19, 2013 re Mario Villacorta and March 26, 2013 re Josefina Plotnick, as those communications were sent to a non-functioning email address. Responding further, Defendants admit receiving the communications dated April 4, 2013 re Eric Santiago; March 27, 2013 re Lorraine Hayford; April 10, 2013 re Anna Callis; May 21, 2013 re LeeAnn Johnson; and May 21, 2013 re Sandra Noey-Krakker, which are attached as part of Exhibit F to Plaintiff's Second Amended Complaint, but Plaintiffs have not alleged that any collection attempts were made on them directly after the aforementioned communications were received. For these reasons, Request No. 11 is irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant documents.

12.   All documents that show any internal or external procedures you have for handling notices of attorney representation.

**ANSWER:   Defendants object to the extent this Request seeks documents or information protected by the attorney-client privilege, work-product doctrine, and object to this request as it is irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant documents because Defendants deny that they received the "notices of attorney representation" that are attached as Exhibit D to Plaintiffs' Second Amended Complaint and the communications dated March 19, 2013 re Mario Villacorta and March 26, 2013 re Josefina Plotnick, as those "notices of attorney representation" were sent to a non-functioning email address.   Responding further, Defendants admit receiving the communications dated April 4, 2013 re Eric Santiago; March 27, 2013 re Lorraine Hayford; April 10, 2013 re Anna Callis; May 21, 2013 re LeeAnn Johnson; and May 21, 2013 re Sandra Noey-Krakker, which are attached as part of Exhibit F to Plaintiff's Second Amended Complaint, but Plaintiffs have not alleged that any collection attempts were made on them directly after the aforementioned communications were received.   For these reasons, Request No. 12 is irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant documents.**

13.   All documents that show any internal or external procedures you have for handling requests to cease and desist collection.

**ANSWER:   Defendants object to the extent this Request seeks documents or information protected by the attorney-client privilege, work-product doctrine, and object to this request as it is irrelevant, overly broad, unduly burdensome, and not**

reasonably calculated to lead to the discovery of relevant documents because Defendants deny that they received the communications that are attached as Exhibit D to Plaintiffs' Second Amended Complaint and the communications dated March 19, 2013 re Mario Villacorta and March 26, 2013 re Josefina Plotnick, as those communications were sent to a non-functioning email address. Responding further, Defendants admit receiving the communications dated April 4, 2013 re Eric Santiago; March 27, 2013 re Lorraine Hayford; April 10, 2013 re Anna Callis; May 21, 2013 re LeeAnn Johnson; and May 21, 2013 re Sandra Noey-Krakker, which are attached as part of Exhibit F to Plaintiff's Second Amended Complaint, but Plaintiffs have not alleged that any collection attempts were made on them directly after the aforementioned communications were received. For these reasons, Request No. 13 is irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant documents.

14.    All documents that show each date on which you were notified that Ms. Plotnick was represented by counsel.

ANSWER:    Defendants object to this Request to the extent this Request seeks documents or information protected by the attorney-client privilege and/or the work-product doctrine and object to the extent this Request seeks documents already in Plaintiff's or her attorney's possession. Subject to and without waiving those objections, Defendants will produce a copy of the account notes for Plaintiff Plotnick's account upon the court's entry of an appropriate protective order.

15.    All documents that show each date on which you were notified that Mr. Villacorta-Santos was represented by counsel.

ANSWER: Defendants object to this Request to the extent this Request seeks documents or information protected by the attorney-client privilege and/or the work-product doctrine and object to the extent this Request seeks documents already in Plaintiff's or his attorney's possession. Subject to and without waiving those objections, Defendants will produce a copy of the account notes for Plaintiff Villacorta-Santos' account upon the court's entry of an appropriate protective order.

16. All documents that show each date on which you were notified that Mr. Santiago-Vazquez was represented by counsel.

ANSWER: Defendants object to this Request to the extent this Request seeks documents or information protected by the attorney-client privilege and/or the work-product doctrine and object to the extent this Request seeks documents already in Plaintiff's or his attorney's possession. Subject to and without waiving those objections, Defendants will produce a copy of the account notes for Plaintiff Santiago-Vazguez's account upon the court's entry of an appropriate protective order.

17. All documents that show each date on which you were notified that Ms. Hayford was represented by counsel.

ANSWER: Defendants object to this Request to the extent this Request seeks documents or information protected by the attorney-client privilege and/or the work-product doctrine and object to the extent this Request seeks documents already in Plaintiff's or her attorney's possession. Subject to and without waiving those objections, Defendants will produce a copy of the account notes for Plaintiff Hayford's Dell and Credit One accounts upon the court's entry of an appropriate protective order.

18. All documents that show each date on which you were notified that Ms. Callis was represented by counsel.

**ANSWER: Defendants object to this Request to the extent this Request seeks documents or information protected by the attorney-client privilege and/or the work-product doctrine and object to the extent this Request seeks documents already in Plaintiff's or her attorney's possession. Subject to and without waiving those objections, Defendants will produce a copy of the account notes for Plaintiff Callis' account upon the court's entry of an appropriate protective order.**

19. All documents that show each date on which you were notified that Ms. Johnson was represented by counsel.

**ANSWER: Defendants object to this Request to the extent this Request seeks documents or information protected by the attorney-client privilege and/or the work-product doctrine and object to the extent this Request seeks documents already in Plaintiff's or her attorney's possession. Subject to and without waiving those objections, Defendants will produce a copy of the account notes for Plaintiff Johnson's account upon the court's entry of an appropriate protective order.**

20. All documents that show each date on which you were notified that Ms. Noey-Krakker was represented by counsel.

**ANSWER: Defendants object to this Request to the extent this Request seeks documents or information protected by the attorney-client privilege and/or the work-product doctrine, object to the extent this Request seeks documents already in Plaintiff's or her attorney's possession, and object to the extent this Request seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Subject to and**

without waiving those objections, Defendants will produce a copy of the account notes for Plaintiff Noey-Krakker's Capital One account upon the court's entry of an appropriate protective order.

21.    All documents that justify why you communicated directly with any of the Plaintiffs while they were represented by counsel and had refused to pay the debts at issue.

ANSWER:    Defendants object to this Request as irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant documents.  Subject to and without waiving those objections, Defendants deny that they received the communications that are attached as Exhibit D to Plaintiffs' Second Amended Complaint and the communications dated March 19, 2013 re Mario Villacorta and March 26, 2013 re Josefina Plotnick, as those communications were sent to a non-functioning email address.  Although Defendants admit receiving the communications dated April 4, 2013 re Eric Santiago; March 27, 2013 re Lorraine Hayford; April 10, 2013 re Anna Callis; May 21, 2013 re LeeAnn Johnson; and May 21, 2013 re Sandra Noey-Krakker, which are attached as part of Exhibit F to Plaintiff's Second Amended Complaint, Plaintiffs have not alleged that any collection attempts were made on them directly after the aforementioned communications were received.  Thus, Defendants deny that they communicated directly with any of the Plaintiffs while Defendants were aware that they were represented by counsel and/or had refused to pay the debts at issue, and this Request is irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant documents.

22.     Copies of any insurance agreement under which any person carrying an insurance business may be liable to satisfy all or party of a judgment that may be entered in this action or to indemnify or reimburse you for payments made to satisfy the judgment.

**ANSWER:   Defendants have an insurance policy covering the claims asserted by Plaintiffs in this action; however, any conceivable recovery by Plaintiffs in this action is reasonably believed to be far below the policy's self-insured retention, and Defendants' insurance is therefore irrelevant to the claims in this case.   Despite Defendants' objection to the relevance of this policy, Defendants agree to produce the declaration sheet for the policy, pursuant to the court's entry of an appropriate protective order.**

23.     Copies of any litigation, administrative actions, or consumer complaints brought or made against you in the past three years alleging violations of the Fair Debt Collection Practices Act, Federal Trade Commission Act, state unfair trade or consumer protection laws, or any similar law that relate to any allegations similar to those set forth in the Complaint.

**ANSWER:   Defendants object to Request to Produce No. 23 as irrelevant, overly broad, unduly burdensome in that it is extraordinarily time consuming and expensive for Defendants to perform a search of their records for the requested documents, not reasonably calculated to lead to the discovery of relevant information, requesting documents and/or information that is publicly available or equally available to Plaintiff, and is intended to harass and oppress the Defendants. *See, Anderson v. Specified Credit Ass'n, Inc.*, 2011 WL 2414867 (S.D. Ill. 2011) (considering only frequency and persistence of noncompliance regarding the plaintiff); *Donnelly v. NCO Fin. Sys., Inc.*, 263 F.R.D. 500, 506 (N.D. Ill. 2009) objections overruled, 2010 WL 308975 (N.D. Ill. 2010) (nothing in**

FDCPA suggests that a court looks at a debt collector's frequency and persistence of noncompliance in an individual action); *Richard v. Oak Tree Grp. Inc.*, 2008 WL 5060319 (W.D. Mich. 2008) (defendant's actions concerning non-parties is not considered under FDCPA); *Powell v. Computer Credit, Inc.*, 975 F. Supp. 1034, 1039 (S.D. Ohio 1997) aff'd, 1998 WL 773989 (6th Cir. 1998) (court should consider noncompliance as to the individual plaintiff only); *Dewey v. Associates Collectors, Inc.*, 927 F. Supp. 1172, 1175 (W.D. Wis. 1996); *Powell v. Computer Credit, Inc.*, 975 F. Supp 1034, 1039 (S.D. Ohio 1997)("the Court should consider the debt collector's noncompliance as to the individual plaintiff only, and not to others who may have been subject to the debt collector's noncompliance"); and *Anderson v. Frederick J. Hann and Associates, 361* F. Supp. 2d 1379, 1384 (N.D. Ga. 2005)(declining to consider FDCPA violations unrelated to the present action); *Cusumano v. NRB, Inc., 1998* U.S. Dist. LEXIS 15418, *4-*7, Case No. 96 C 6876 (N.D. Ill. Sept. 22, 1998) (denying motion to compel production of information about other litigation concerning collection practices)(citing to *Byes v. Credit Bureau Enters.,* 1995 U.S. Dist. LEXIS 13559, *2 Civil Action No. 95-239 SECTION "I" (4) (E.D. La. Sept. 8, 1995)). Additionally, F.R.E. 404 clearly states, "evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion. . ." The fact that the Defendants may have faced lawsuits or claims and entered settlements in the past or are currently facing lawsuits or claims or are in settlement discussions, formal or informal, is clearly character evidence and nothing more, thus, the information requested in this interrogatory is neither relevant nor admissible and is unduly burdensome in light of the claims asserted. The Defendants also object to this

request for production to the extent it calls for the production of documents and/or information that is prohibited by a protective order, court order or confidentiality agreement.

24.  All documents that show the names of all persons who were involved in the purchase of the portfolio of debts that contained each Plaintiffs' alleged debt, the date on which Midland Funding, LLC, acquired each such portfolio, how many accounts were in that portfolio, the face value of that portfolio, the total amount paid for that portfolio, from whom the portfolio was purchased, whether any prior debt collector(s) had sought payment of these debts, and any and all due diligence you conducted relative to that portfolio.

ANSWER:  Defendants object to Request No. 24 as irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant documents because the purchase of portfolios is not at issue in this lawsuit.

25.  All documents that refer or relate to Josefina Plotnick, including, but not limited to, any and all account histories, the form of every letter you sent her, any correspondence or notes related to her, and any credit reports made or received about her.

ANSWER:  Defendants object to this Request as irrelevant, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant documents, requesting documents already in Plaintiff Plotnick's or her attorneys' possession.  Defendants further object to the extent this Request seeks documents or information protected by the attorney-client privilege and work-product doctrine.  Subject to and without waiving those objections, Defendants will produce a copy of the account notes for Plaintiff Plotnick's account upon the court's entry of an appropriate protective order.

26. All documents that refer or relate to Mario Villacorta-Santos, including, but not limited to, any and all account histories, the form of every letter you sent him, any correspondence or notes related to him, and any credit reports made or received about him.

**ANSWER: Defendants object to this Request as irrelevant, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant documents, requesting documents already in Plaintiff Villacorta-Santos' or his attorneys' possession. Defendants further object to the extent this Request seeks documents or information protected by the attorney-client privilege and work-product doctrine. Subject to and without waiving those objections, Defendants will produce a copy of the account notes for Plaintiff Villacorta-Santos' account upon the court's entry of an appropriate protective order.**

27. All documents that refer or relate to Eric Santiago-Vazguez, including, but not limited to, any and all account histories, the form of every letter you sent him, any correspondence or notes related to him, and any credit reports made or received about him.

**ANSWER: Defendants object to this Request as irrelevant, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant documents, requesting documents already in Plaintiff Santiago-Vazguez's or his attorneys' possession. Defendants further object to the extent this Request seeks documents or information protected by the attorney-client privilege and work-product doctrine. Subject to and without waiving those objections, Defendants will produce a copy of the account notes for Plaintiff Santiago-Vazguez's account upon the court's entry of an appropriate protective order.**

28.     All documents that refer or relate to Lorraine Hayford, including, but not limited to, any and all account histories, the form of every letter you sent her, any correspondence or notes related to her, and any credit reports made or received about her.

**ANSWER:    Defendants object to this Request as irrelevant, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant documents, requesting documents already in Plaintiff Hayford's or her attorneys' possession.   Defendants further object to the extent this Request seeks documents or information protected by the attorney-client privilege and work-product doctrine.   Subject to and without waiving those objections, Defendants will produce a copy of the account notes for Plaintiff Hayford's Dell and Credit One accounts upon the court's entry of an appropriate protective order.**

29.     All documents that refer or relate to Anna Callis, including, but not limited to, any and all account histories, the form of every letter you sent her, any correspondence or notes related to her, and any credit reports made or received about her.

**ANSWER:    Defendants object to this Request as irrelevant, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant documents, requesting documents already in Plaintiff Callis' or her attorneys' possession. Defendants further object to the extent this Request seeks documents or information protected by the attorney-client privilege and work-product doctrine.   Subject to and without waiving those objections, Defendants will produce a copy of the account notes for Plaintiff Callis' account upon the court's entry of an appropriate protective order.**

30. All documents that refer or relate to LeeAnn Johnson, including, but not limited to, any and all account histories, the form of every letter you sent her, any correspondence or notes related to her, and any credit reports made or received about her.

**ANSWER:** **Defendants object to this Request as irrelevant, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant documents, requesting documents already in Plaintiff Johnson's or her attorneys' possession. Defendants further object to the extent this Request seeks documents or information protected by the attorney-client privilege and work-product doctrine. Subject to and without waiving those objections, Defendants will produce a copy of the account notes for Plaintiff Johnson's account upon the court's entry of an appropriate protective order.**

31. All documents that refer or relate to Sandra Noey-Krakker, including, but not limited to, any and all account histories, the form of every letter you sent her, any correspondence or notes related to her, and any credit reports made or received about her.

**ANSWER:** **Defendants object to this Request as irrelevant, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant documents, requesting documents already in Plaintiff Noey-Krakker's or her attorneys' possession. Defendants further object to the extent this Request seeks documents or information protected by the attorney-client privilege and work-product doctrine. Subject to and without waiving those objections, Defendants will produce a copy of the account notes for Plaintiff Noey-Krakker's Capital One account upon the court's entry of an appropriate protective order.**

32. All documents that show that Ms. Plotnick had an account with T-Mobile or that she was liable for that account, including but not limited to, any asset purchase agreement, assignments, signed account agreement, card carrier, account billing statements and/or the terms and conditions.

**ANSWER: Defendants object to the extent this Request as irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant documents because whether Plaintiff Plotnick is liable for that account is not at issue in this lawsuit.**

33. All documents that show that Mr. Villacorta-Santos had an account with T-Mobile or that he was liable for that account, including but not limited to, any asset purchase agreement, assignments, signed account agreement, card carrier, account billing statements and/or the terms and conditions.

**ANSWER: Defendants object to the extent this Request as irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant documents because whether Plaintiff Villacorta-Santos is liable for that account is not at issue in this lawsuit.**

34. All documents that show that Mr. Santiago-Vazguez had an account with T-Mobile or that he was liable for that account, including but not limited to, any asset purchase agreement, assignments, signed account agreement, card carrier, account billing statements and/or the terms and conditions.

**ANSWER: Defendants object to the extent this Request as irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of**

relevant documents because whether Plaintiff Santiago-Vazguez is liable for that account is not at issue in this lawsuit.

35. All documents that show that Ms. Hayford had an accounts with Dell Financial and Credit One Bank or that she was liable for that account, including but not limited to, any asset purchase agreement, assignments, signed account agreement, card carrier, account billing statements and/or the terms and conditions

ANSWER: Defendants object to the extent this Request as irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant documents because whether Plaintiff Hayford is liable for those accounts is not at issue in this lawsuit.

36. All documents that show that Ms. Callis had an account with Credit One Bank or that she was liable for that account, including but not limited to, any asset purchase agreement, assignments, signed account agreement, card carrier, account billing statements and/or the terms and conditions

ANSWER: Defendants object to the extent this Request as irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant documents because whether Plaintiff Callis is liable for that account is not at issue in this lawsuit.

37. All documents that show that Ms. Johnson had an account with Credit One Bank or that she was liable for that account, including but not limited to, any asset purchase agreement, assignments, signed account agreement, card carrier, account billing statements and/or the terms and conditions.

ANSWER: Defendants object to the extent this Request as irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant documents because whether Plaintiff Johnson is liable for that account is not at issue in this lawsuit.

38.    All documents that show that Ms. Noey-Krakker had an account with Capital One or that she was liable for that account, including but not limited to, any asset purchase agreement, assignments, signed account agreement, card carrier, account billing statements and/or the terms and conditions.

ANSWER: Defendants object to the extent this Request as irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant documents because whether Plaintiff Noey-Krakker is liable for that account is not at issue in this lawsuit.

39.    All documents that show the charge-off date and balance of Ms. Plotnick's alleged account.

ANSWER: Defendants object to this Request as irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant documents as the charge-off date for Plaintiff's account is not at issue in this lawsuit.

40.    All documents that show the charge-off date and balance of Mr. Villacorta-Santos' alleged account.

ANSWER: Defendants object to this Request as irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant documents as the charge-off date for Plaintiff's account is not at issue in this lawsuit.

41.    All documents that show the charge-off date and balance of Mr. Santiago-

Vazguez's alleged account.

        **ANSWER:    Defendants object to this Request as irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant documents as the charge-off date for Plaintiff's account is not at issue in this lawsuit.**

        42.    All documents that show the charge-off date and balance of Ms. Hayford's alleged account.

        **ANSWER:    Defendants object to this Request as irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant documents as the charge-off date for either of Plaintiff's accounts are not at issue in this lawsuit.**

        43.    All documents that show the charge-off date and balance of Ms. Callis' alleged account.

        **ANSWER:    Defendants object to this Request as irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant documents as the charge-off date for Plaintiff's account is not at issue in this lawsuit.**

        44.    All documents that show the charge-off date and balance of Ms. Johnson's alleged account.

        **ANSWER:    Defendants object to this Request as irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant documents as the charge-off date for Plaintiff's account is not at issue in this lawsuit.**

        45.    All documents that show the charge-off date and balance of Ms. Noey-Krakker's alleged account.

ANSWER: Defendants object to this Request as irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant documents as the charge-off date for Plaintiff's Capital One account is not at issue in this lawsuit.

46. All documents that show any and all relationships between Midland Funding, LLC and Midland Credit Management, Inc., including, but not limited to, any collection agreement between the Defendants, or any guidelines, rules or procedures regarding the handling of notices of attorney representation or to cease collections.

ANSWER: Defendants object to the extent this Request seeks documents or information protected by the attorney-client privilege and work-product doctrine and object to this Request as irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant documents. Responding further, Defendants deny that they received the communications that are attached as Exhibit D to Plaintiffs' Second Amended Complaint and the communications dated March 19, 2013 re Mario Villacorta and March 26, 2013 re Josefina Plotnick, as those communications were sent to a non-functioning email address. Although Defendants admit receiving the communications dated April 4, 2013 re Eric Santiago; March 27, 2013 re Lorraine Hayford; April 10, 2013 re Anna Callis; May 21, 2013 re LeeAnn Johnson; and May 21, 2013 re Sandra Noey Krakker, which are attached as part of Exhibit F to Plaintiff's Second Amended Complaint, Plaintiffs have not alleged that any collection attempts were made on them directly after the aforementioned communications were received.

47. All documents that refer, relate to or support or diminish any affirmative defense you assert.

ANSWER: Defendants object to the extent this Request seeks documents or information protected by the attorney-client privilege and work-product doctrine and object to this Request as irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant documents in that it seeks "all" documents. Subject to and without waiving these objections, Defendants deny that they received the communications that are attached as Exhibit D to Plaintiffs' Second Amended Complaint and the communications dated March 19, 2013 re Mario Villacorta and March 26, 2013 re Josefina Plotnick, as those communications were sent to a non-functioning email address. Although Defendants admit receiving the communications dated April 4, 2013 re Eric Santiago; March 27, 2013 re Lorraine Hayford; April 10, 2013 re Anna Callis; May 21, 2013 re LeeAnn Johnson; and May 21, 2013 re Sandra Noey-Krakker, which are attached as part of Exhibit F to Plaintiff's Second Amended Complaint, Plaintiffs have not alleged that any collection attempts were made on them directly after the aforementioned communications were received. Subject to and without waiving those objections, Defendants have no such documents.

48. All documents you consulted to prepare, or that relate to, your answers to Plaintiffs' interrogatories or to these production requests.

ANSWER: Defendants object to this Request as irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant documents. Subject to and without waiving those objections, the aforementioned documents in the responses to Requests to Produce above will produced upon the court's entry of an appropriate protective order.

Dated: October 3, 2013

MIDLAND FUNDING LLC and MIDLAND
CREDIT MANAGEMENT, INC.

By:

*/s/Amy R. Jonker*
Theodore W. Seitz (tseitz@dykema.com)
Amy R. Jonker (ajonker@dykema.com)
DYKEMA GOSSETT PLLC
10 South Wacker Drive, Suite 2300
Chicago, Illinois 60606
Phone: 312-876-1700
Fax: 312-627-2302

GR01\197186.1
ID\ARJ - 097356\0192

25